COLEMAN, BALOGH & SCOTT LLP
ETHAN A. BALOGH, No. 172224
EVAN C. GREENBERG, No. 271356
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Phone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
ELIJAH COOPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>ELIJAH COOPER,<br><br>             Defendant. | Case No. 13 Cr. 693 SI<br><br>DEFENDANT ELIJAH COOPER'S OPPOSITION TO THE UNITED STATES' MOTION TO CONTINUE TRIAL<br><br>Date:    To be set<br>Time:   To be set<br><br>Before the Honorable Susan Illston<br>United States District Judge |

## I. OVERVIEW

Mr. Cooper's trial is set to begin on May 13, 2015, *i.e.*, 72 days after this Court issued its written ruling denying his remaining motions to suppress evidence. *See* ECF No. 117.[1] The Court should begin trial on May 13, and should deny the Government's motion to continue.[2] In making its motion, Government counsel first raises a concern about trying Mr. Cooper in mid-May and then another defendant on June 1, as follows:

> [At the trial setting,] [t]he government informed the Court that undersigned counsel is scheduled to begin a jury trial before the Honorable Edward M. Chen on June 1, 2015, and expressed concerns about the feasibility of trying both cases within such a short timeframe.

ECF No. 123 at 1:24-26 (footnote omitted). But delaying Mr. Cooper's trial will only compress the time frame, leaving the Government even less time to prepare for the *Carroll* trial. In other words, the Government's proffered basis makes no sense.

In addition, the Government now asserts that its interlocutory appeal of the dismissed conspiracy count—an ill-advised appeal the Government did not seek to expedite and then abandoned on the date its opening brief came due—divested this Court of jurisdiction in December 2014, and jurisdiction was not returned to the Court until the Government's voluntary dismissal. But of course, the Government well knows that's incorrect, because since that errant notice of appeal, the parties litigated several motions and even set the trial date without the Government once asserting any lack of this Court's jurisdiction to do so. In all, the Government will have 75 days since the Court set the trial date to prepare before trial commences; this time is more than sufficient and the Government is entitled to no more. Mr. Cooper thus respectfully asks that the Court deny the motion and begin trial on May 13, 2015.

////

---

[1] While the Court originally set a speedy trial to commence May 11, at the Court's request, Mr. Cooper agreed to a short two-day continuance and has waived a speedy trial challenge based on that two-day continuance. Mr. Cooper expressly objects to any further delay in his trial.

[2] In addition to the challenges raised by this Opposition, Mr. Cooper notes that delaying trial until May 25 will create a potential scheduling conflict for undersigned counsel who is scheduled to present oral argument to the Ninth Circuit in Pasadena on June 1, 2015.

## II.  DISCUSSION

A. **The Court should deny the motion to continue and begin trial as scheduled on May 13, 2015.**

    1. **The Government first asks to delay trial out of concern for trying two cases in a short timeframe, but delaying Mr. Cooper's trial would only aggravate that concern.**

At the outset, the Government asks to delay Mr. Cooper's trial by 12 days in part to avoid having to try Mr. Cooper's case and another case, currently set for June 1, 2015 before Judge Chen, within such "a short timeframe." ECF No. 123 at 1:23-28.  This request makes no sense.  Delaying Mr. Cooper's trial will *shorten* the time to try both cases, whereas beginning Mr. Cooper's trial on May 13, 2015, as currently scheduled, will allow the Government *more time* to prepare for the other trial.

Moreover, the Government ignores that this case has already been handed back-and-forth within Government counsel's unit, as cases typically are within the prosecution in this district.  Indeed, Government counsel informed the Court at the trial setting that he expected this case to be reassigned in light of the June 1 murder trial in the *Carroll* case.

    2. **Contrary to the Government's contention, the interlocutory appeal did not exclude time under the Speedy Trial Act or divest this Court of jurisdiction.**

The Government posits that its interlocutory—and now abandoned—appeal of this Court's order dismissing the conspiracy count tolled the speedy trial clock under 18 U.S.C. § 3161(h)(1)(C).  *See* ECF No. 123 at 2; *see also United States v. Pete*, 525 F.3d 844, 852 (9th Cir. 2008) (holding that filing of interlocutory appeal tolls speedy trial clock).  Here, the Government's interlocutory appeal affected only the dismissed count; the appeal did not result in any delay to the pending count.  Since noticing its appeal on December 10, 2014, *see* ECF No. 94, the Government filed four briefs on the motions to suppress, Mr. Cooper filed two briefs, and the parties presented oral arguments twice.  *See* ECF Nos. 103, 111-15.  At no point did the Government request a stay to prosecute its interlocutory appeal, either from this Court or from the Court of Appeals.  Nor did the Government's motion identify any delay resulting from the interlocutory appeal.  To the contrary, the Court properly set a trial date while its interlocutory appeal lingered.  ECF No. 115.

1       The Government next contends that this Court lacked jurisdiction since December 10, 2014. ECF No. 123 at 2:15-19. Even assuming that noticing an appeal divests the district court of jurisdiction, it does so only "over those aspects of the case involved in the appeal." *See id.* (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*)). Thus, the interlocutory appeal had no effect on the pending count, which explains why the Government never objected to this Court's jurisdiction during the past three-and-a-half months. The Government cannot litigate against Mr. Cooper when that tack suits it, pursue and accept a favorable ruling on the motions to suppress, and then credibly argue now, for the first time, that this Court lacked jurisdiction since December 2014.

      In short, the Government's interlocutory appeal did not stop Mr. Cooper's speedy trial clock for all purposes. Were it otherwise, the Government could escape the 70-day trial clock by noticing an appeal of any pretrial ruling, and then, when it's brief comes do (*e.g.*, when convenient), abandon the appeal as the Government did here. The Court should not credit the Government's attempt to manipulate the speedy trial clock in this way.

### 3. The motion to suppress the informant's identification did not toll the speedy trial clock.

      On July 31, 2014, this Court found that the Government used an "unnecessarily suggestive" identification procedure, yet deferred ruling on Mr. Cooper's motion to suppress the confidential source's out-of-court identification of Mr. Cooper. ECF No. 65 at 9-11; *see also* Fed. R. Crim. P. 12(d) (authorizing the Court to defer ruling on pretrial motions based on good cause stated in the record). The Government asserts that, because the Court deferred ruling, "the speedy trial clock has not yet begun to run[.]" ECF No. 123 at 2:12-14. The Government relies on 18 U.S.C. § 3161(h)(1)(D), which tolls the speedy trial clock while pretrial motions are pending. *See United States v. Tinklenberg*, 131 S. Ct. 2007, 2016 (2011) (holding that pretrial motions toll the speedy trial act irrespective of whether the motion actually caused the delay of a trial).

      Putting aside that the Court's decision to defer the motion necessarily resolved it for the moment, even accepting *arguendo* that a pending pretrial motion normally tolls the speedy trial

3

clock, *id.*, that rule cannot apply where the Court defers ruling on such a motion until trial. Because litigating the deferred motion requires testimony from the Government's confidential source, the Court deferred ruling on the motion, which will next be considered at the pretrial conference, and may well be deferred again at that time; the Government has suggested this should be the approach given it's reluctance to identify its witness.

The Government cannot now seize on that motion to eviscerate the running of the speedy trial clock in this case. Crediting the Government's argument would mean that the speedy trial clock would never run in a case in which the Court deferred ruling on a motion until trial. That cannot be correct.

### 4. Even without a continuance, the Government will receive more than the full 70-day window to prepare for trial.

On Friday, February 27, 2015, this Court set a May 11 trial when it concluded its hearing of Mr. Cooper's motions to suppress evidence and presented its tentative ruling on those motions; the Court then formally denied those motions in a definitive written Order issued March 2, 2015. ECF Nos. 115-117. Mr. Cooper then agreed to a two-day continuance, *see* ECF No. 122, but he makes no broader waiver of his right to trial within 70 days. In all, the Government will have 75 days to prepare for trial since the date the Court scheduled trial in the first instance. In other words, it cannot be heard to complain that it has not been provided sufficient time to prepare for trial.

Finally, the Government essentially brags that it successfully delayed this case by its consistent refusal to join the suppression issues Mr. Cooper first briefed in June 2014, *see e.g.*, ECF No. 37, *see also* ECF No. 87 at 5-7 (directing Government to respond to Mr. Cooper's arguments following the second round of incomplete briefing), and because Mr. Cooper could not (and thus did not) raise a speedy trial objection to the Court's development of the record to resolve his pretrial motions, he cannot do so now. ECF No. 123 at 3:6-8. To the contrary, Mr. Cooper can and he does. Put another way, Mr. Cooper's litigation of pretrial motions in no way constitutes a waiver of his rights under the Speedy Trial Act.

////

### III.  CONCLUSION

Mr. Cooper demands that his trial begin on May 13 or not at all, as the Court should otherwise dismiss this case with prejudice.  Accordingly, Mr. Cooper respectfully asks that the Court deny the Government's motion and order that the trial begin as scheduled, on May 13, 2015.

                                                Respectfully submitted,

DATED: March 31, 2015                    COLEMAN, BALOGH  & SCOTT LLP

                                                */s/ E A Balogh*
                                            By: ETHAN A. BALOGH
                                            235 Montgomery Street, Suite 1070
                                            San Francisco, CA 94104
                                            Direct: (415) 391-0441

                                            Attorneys for Defendant
                                            ELIJAH COOPER

**PROOF OF SERVICE**

I, Ethan A. Balogh, certify that on March 31, 2015, I served all parties in this matter by causing the preceding pleading to be filed electronically, as set forth by Local Rule 5-1.

Dated: March 31, 2015

*/s/ E A Balogh*
ETHAN A. BALOGH