1 COLEMAN, BALOGH & SCOTT LLP
ETHAN A. BALOGH, No. 172224
2 235 Montgomery Street, Suite 1070
San Francisco, CA 94104
3 Phone: 415.391.0440
Facsimile: 415.373.3901
4 eab@colemanbalogh.com

5 Attorneys for Defendant
ELIJAH COOPER

6

7
UNITED STATES DISTRICT COURT
8
NORTHERN DISTRICT OF CALIFORNIA
9
SAN FRANCISCO DIVISION
10

11 | UNITED STATES OF AMERICA, | Case No. 13 Cr. 693 SI

12 | | NOTICE OF MOTION AND MOTION TO
| Plaintiff, | DISMISS COUNTS TWO AND THREE OF
13 | | THE SECOND SUPERSEDING
| | INDICTMENT; MEMORANDUM OF POINTS
14 | v. | AND AUTHORITIES IN SUPPORT

15 | ELIJAH COOPER,

16 | | Date: April 21, 2015
| Defendant. | Time: 3:00 p.m.
17 |

18 | | Before the Honorable Susan Illston
| | United States District Judge
19

20 TO: MELINDA HAAG, UNITED STATES ATTORNEY, and BENJAMIN TOLKOFF,
MARC WOLF, and BRIGID MARTIN, ASSISTANT UNITED STATES ATTORNEYS:
21

22 PLEASE TAKE NOTICE that, subject to the Court's approval, on April 21, 2015, at 3:00

23 p.m., or as soon thereafter as he may be heard, defendant Elijah Cooper, by and through his

24 counsel, will and does hereby move this Court for an Order dismissing counts two and three of

25 the second superseding indictment.

26 **MOTION**

27 Elijah Cooper moves this Court pursuant to the Due Process clause of the Fifth

28 Amendment, the Speedy Trial Act, and all other applicable case law and statutes for an Order

1  dismissing counts two and three of the second superseding indictment. Mr. Cooper contends that

2  the absence of "facts regarding what [Mr. Cooper and his alleged co-conspirators] were alleged

3  to have done" renders count three insufficient and it must be dismissed. Mr. Cooper further

4  contends that the grand jury returned the second superseding indictment out of time, and as a

5  result, the two new charges—counts two and three—should be dismissed pursuant to the Speedy

6  Trial Act.

7          This motion is based on the instant notice of motion and motion, the Court's July 31 and

8  November 12, 2014 Orders addressing pretrial motions, *see* ECF Nos. 65 & 87, the attached

9  memorandum of points and authorities, the documents on file in the Clerk's Record, and any and

10  all other materials that may come to this Court's attention at the time of the hearing on this

11  motion.

12                                              Respectfully submitted,

13  DATED: April 10, 2015                       COLEMAN, BALOGH & SCOTT LLP

14

15                                              */s/ E A Balogh*
                                                By: ETHAN A. BALOGH
16                                              235 Montgomery Street, Suite 1070
                                                San Francisco, CA 94104
17                                              Direct: (415) 391-0441

18                                              Attorneys for Defendant
                                                ELIJAH COOPER

19

20

21

22

23

24

25

26

27

28

1

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I. Background**

3     On Tuesday, April 7, 2015, the Government returned a second superseding indictment

4   against defendant Elijah Cooper. ECF No. 126. Whereas the first two indictments charged Mr.

5   Cooper with two counts—distributing crack cocaine on February 5, 2013, and with conspiring

6   with unnamed persons to distribute crack cocaine, *see* ECF Nos. 1 & 67, the new indictment also

7   alleges as count two a violation of 21 U.S.C. § 843(b), *viz*., the use of a communication facility to

8   commit a controlled substance offense (aka, a "phone count").

9     The grand jury returned the second superseding indictment in response to this Court's

10   prior Orders dismissing count two—the conspiracy count—in response to Mr. Cooper's motions

11   to dismiss. *See* ECF Nos. 65 & 87.

12     As pleaded in the initial indictment, count two alleged as follows:

13         COUNT TWO: (21 U.S.C. § 846 - Conspiracy to Distribute Cocaine Base)

14         2. Beginning on an unknown date but no later than February 4, 2013, and
            continuing until at least on or about May 29, 2013, in the Northern District
15         of California, the defendant, ELIJAH COOPER, knowingly and
            intentionally combined, conspired, confederated and agreed with other
16         persons known and unknown to the Grand Jury, to commit the following
            offense against the United States: to distribute 28 grams or more of a
17         mixture and substance containing cocaine base, a Schedule II controlled
            substance, in violation of Title 21, United States Code, Sections 84l(a)(l)
18         and 84l(b)(l)(B)(iii), all in violation of Title 21 United States Code,
            Section 846.

19   ECF No. 1.

20     As pleaded in the first superseding indictment, count two alleged:

21         COUNT TWO: (21 U.S.C. § 846- Conspiracy to Distribute Cocaine Base)

22         2. From on or about February 4, 2013, and continuing until on or about
            May 29, 2013, in the Northern District of California, the defendant,
23         ELIJAH COOPER, knowingly and intentionally combined, conspired,
            conspired [sic], confederated and agreed with other persons known and
24         unknown to the Grand Jury to commit the following offense against the
            United States: to distribute twenty-eight grams and more of a mixture and
25         substance containing cocaine base, a Schedule II controlled substance, in
            violation of Title 21, United States Code, Sections 841(a)(l) and
26         841(b)(l)(B)(iii), all in violation of Title 21, United States Code, Section
            846.

27

28   ECF No. 67.

1

1    When the Court dismissed the conspiracy count for the second time, the

2 Government noticed an appeal.  ECF No. 94.  The Government neither sought a stay of

3 these proceedings nor expedited briefing, and the Court of Appeals directed the

4 Government to file its opening brief on March 11, 2015.  *United States v. Cooper*, USCA

5 Case No. 14-10542, Dkt. 1-1.  On the date that brief came due, the Government

6 abandoned its appeal and filed a motion to dismiss it.  *Id*., Dkt. 5.  The Ninth Circuit

7 granted that motion and dismissed the Government's appeal.  *Id*., Dkt. 6.

8    On April 7, the Government secured a second superseding indictment in which it

9 added a phone count and again alleged a conspiracy count, now as count three, as

10 follows:

11    COUNT THREE: (21 U.S.C. § 846- Conspiracy to Possess with Intent to
      Distribute and Distribute Cocaine Base)

12

13    3.  The allegations contained in Counts One and Two of this Indictment
      [sic] are realleged and incorporated as if fully set forth here.

14    4. From on or about February 4, 2013, and continuing until on or about
      March 18, 2013, in the Northern District of California, the defendant,

15    ELIJAH COOPER, knowingly and intentionally combined, conspired,
      confederated and agreed with Anthony Knight and other persons known

16    and unknown to the Grand Jury to posses with the intend to distribute, and
      to distribute, a Schedule II controlled substance, to wit, twenty-eight grams

17    and more of mixtures and substances containing cocaine base, in violation
      of Title 21, United States Code, Sections 846 and 841(a)(l) and

18    841(b)(l)(B)(iii).

19 ECF No. 126.  In sum, while the Government named Anthony Knight as Mr. Cooper's

20 alleged co-conspirator, the Government continues to ignore this Court's Orders and this

21 deficiently pleaded count must be dismissed.  In addition, the newest indictment was

22 returned out of time under the Speedy Trial Act.  Based on the history of this case, counts

23 two and three should be dismissed with prejudice.

24                          **II.  Argument**

25 **A.    Count Three does not provide sufficient notice as directed by this Court's prior
         rulings, and it should be dismissed the prejudice.**

26

27    Because the Court has now twice sustained Mr. Cooper's challenges to the Government's

28 deficient pleading before, it is well familiar with this issue and Mr. Cooper will rely on the

2

1   Court's work and findings.  Importantly, following the Government's abandoned appeal, the

2   Court's ruling is the law of the case and should not be disturbed.

3           As the Court ruled in November:

4               In [July 31, 2014] order, the Court found Count Two of the original
                indictment to be insufficiently plead because it failed to provide "the
5               substantial safeguards to criminal defendants that indictments are designed
                to guarantee." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979)
6               (per curiam) (citation and internal quotation marks omitted).  Specifically,
                the Court found that the indictment failed to provide sufficient detail
7               regarding (1) when the conspiracy took place because the time frame was
                essentially open-ended in both directions, (2) the identity of the alleged
8               coconspirators, ***and (3) facts regarding what they were alleged to have
                done***.  Docket No. 65 at 6.  The government has attempted to cure the first
9               of these flaws in the superseding indictment, Docket No. 67 ("From on or
                about February 4, 2013…"), *cf.* Docket No. 1 ("Beginning on an unknown
10              date but no later than February 4, 2013…"), but otherwise essentially
                parrots the language of the original indictment.  *The government's failure
11              to cure the* second ***and third flaws renders the indictment devoid of "a
                few basic factual allegations [to] accord[] defendant[] adequate notice*** of
12              the charges against [him] and assure[] [him] that [his] prosecution will
                proceed on the basis of facts presented to the grand jury" as required by
13              controlling precedent in this Circuit.  *Cecil* 608 F.2d at 1297.  Accordingly,
                the Court GRANTS defendant's motion to dismiss Count Two of the
14              superseding indictment.

15   ECF No. 87 at 4:21-5:8 (emphases added).

16
            Despite the clarity of the Court's Order, the Government yet again has crafted a
17
     conspiracy count that omits any "facts regarding what they [the alleged co-conspirators] were
18
     alleged to have done."  *See* ECF No. 126.  The Court should enforce its prior rulings and dismiss
19
     count three as insufficiently pleaded.
20
            The only remaining question is whether the Court should dismiss count three with
21
     prejudice.  It should.  The Court twice instructed the Government that, to be sufficient, its section
22
     846 conspiracy allegation must set forth some "factual allegations" to provide adequate notice
23
     and assure that the defendant will be tried *only* on the facts presented to the grand jury.  ECF
24
     Nos. 65 & 87.  In response, the Government filed a notice of appeal, then abandoned the appeal
25
     when its brief came due, and now continues to voice its disagreement with the Court's two
26
     Orders by refusing to accept and honor them.  With Mr. Cooper's long-awaited trial less than one
27
     month away (at the time of the hearing of this motion), there is no excuse for the Government's
28

                                                3

1  refusal to abide this Court's Orders. Indeed, it may well be that the Government hopes to secure

2  the trial continuance it has twice sought by returning a patently deficient indictment aimed at

3  generating this motion, and thus requiring Mr. Cooper to abandon his speedy trial demand and

4  put off this case (yet again) to litigate the sufficiency of the same deficient conspiracy charge.

5  But whatever the reason for the Government's rejection of this Court's Orders, only dismissal

6  with prejudice will ensure Government compliance with this Court's rulings and respect for a

7  defendant's rights going forward.

8      In addition, with the Government's consent—and with a studied eye to the

9  commencement of this trial on May 7, 2015—the Court imposed an April 9, 2015 deadline for

10 the Government to return its second superseding indictment. As of the hearing of his motion,

11 that time will long have run, and the Government certainly cannot be heard to complain that it

12 forfeited its ability to charge Mr. Cooper with conspiracy when it decided to bring that charge in

13 studied disregard of the Court's rulings.

14 **B.    The Government secured the second superseding indictment too late, and the Court
         should either dismiss it in full and require Mr. Cooper to proceed to trial on the first**

15 **      superseding indictment or dismiss counts two and three—the new counts—and
         require Mr. Cooper to proceed to trial on the timely filed distribution count.**

16

17      The Speedy Trial Act requires the Government to return an indictment within 30 days of

    an individual's arrest or service of a summons. 18 U.S.C. § 3161(b). When:

18

19          an indictment or an information is dismissed upon motion of the defendant . . .
            and thereafter . . . an information or indictment is filed charging such defendant

20          with the same offense or an offense based on the same conduct or arising from the
            same criminal episode [*e.g.*, counts two and three of the second superseding
            indictment,] the provisions of subsections (b) and (c) of this section shall be

21          applicable with respect to such subsequent complaint, indictment, or information,
            as the case may be.

22

    18 U.S.C. § 3161(d)(1).

23

24      In this case, the Government had 30 days to re-indict Mr. Cooper following the Court's

    November 12, 2014 dismissal of count two. The Government noticed its appeal on December

25

26 10, 2014, ECF No. 94, thus 28 days of the speedy trial clock ran as of that filing. Accepting

    *arguendo* that the "delay resulting from [that] interlocutory appeal" tolled the clock, *see* 18

27

    U.S.C. § 3161(h)(1)(C), the Government's dismissal of that appeal and the issuance of the Ninth

28

1  Circuit's mandate on March 16, 2015, returned that issue to this Court, and the Government had

2  two days to return a superseding indictment.  Rather than proceed promptly, the Government

3  delayed another 22 days before returning the second superseding indictment.  ECF NO. 126.

4  Because the Government took 50 days to return the superseding indictment on the dismissed

5  count and to add another count from the same alleged criminal episode, its indictment was filed

6  out of time and counts two and three should be dismissed with prejudice.

7       While not directly controlling, Mr. Cooper acknowledges that *United States v. Barraza-*

8  *Lopez*, 659 F.3d 1216 (2011), cuts against his claim.  *See id*., 659 F.3d at 1219-22 (after

9  recognizing ambiguity in the statute, adopting interpretation that speedy trial clock for charges

10  dismissed from a complaint is reset upon the filing of the subsequent complaint, indictment, or

11  information).  Importantly, the Court did not address the rule of lenity, *see Ratzlaf v. United*

12  *States*, 510 U.S. 135 (1994), which requires ambiguous criminal statutes to be resolved in favor

13  of the accused.  Application of that rule here distinguishes *Barraza-Lopez* and supports Mr.

14  Cooper's claim for relief.

15       And even if *Barraza-Lopez* did control, the Government cannot establish the "good-faith

16  qualifier" on which it is based.  *Barraza-Lopez*, 659 F.3d at 1221-22 & n.7.  The Court

17  recognized that the rule it adopted created "[t]he potential for abuse" and manipulation of the

18  speedy trial clock by the Government.  *Id*. at 1222.  As a result, it announced a rule that

19  "expressly allows district courts to curb abusive behavior or sanction prosecutorial carelessness,"

20  including by dismissing superseding charges with prejudice.  *Id*.

21       The record in this case establishes gamesmanship to avoid this Court's Order and to avoid

22  providing timely and sufficient notice of the charges against Mr. Cooper.  Rather than return a

23  second superseding indictment upon the Court's second dismissal, the Government gamed the

24  speedy trial clock by taking an appeal only to abandon it when its brief came due.  But even then,

25  the Government did not return to the grand jury.  Instead, only after Mr. Cooper complained to

26  this Court and identified the likelihood of a superseding indictment on the eve of trial did the

27  Government return to the grand jury.  And, as noted above, when it did, the Government did so

28  in a way that rejected this Court's prior rulings and returned an indictment bereft of facts.  At

1  best, the Government can prove carelessness; at worst, the record supports a finding of abusive

2  practice. Either finding supports dismissal with prejudice. *Id*. at 1222.

3                                                 **CONCLUSION**

4          For the reasons set forth above, the Court should dismiss the second superseding

5  indictment with prejudice and should require trial on the first superseding indictment, or should

6  dismiss counts two and three of the second superseding indictment with prejudice.

7                                                 Respectfully submitted,

8  DATED: April 10, 2015                          COLEMAN, BALOGH & SCOTT LLP

9                                                        */s/ E A Balogh*
                                                 By: ETHAN A. BALOGH
10                                               235 Montgomery Street, Suite 1070
                                                 San Francisco, CA 94104
11                                               Direct: (415) 391-0441

12                                               Attorneys for Defendant
                                                 ELIJAH COOPER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

**PROOF OF SERVICE**

2          I, Ethan A. Balogh, certify that on April 10, 2015, I served all parties in this matter by

3    causing the preceding pleading to be filed electronically, as set forth by Local Rule 5-1.

4

5                                                            */s/ E A Balogh*
     Dated: April 10, 2015                          ETHAN A. BALOGH
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28