COLEMAN, BALOGH & SCOTT LLP
ETHAN A. BALOGH, No. 172224
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Phone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
ELIJAH COOPER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIJAH COOPER,<br><br>Defendant. | Case No. 13 Cr. 693 SI<br><br>NOTICE OF MOTION AND MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Date:    April 21, 2015<br>Time:   3:00 p.m.<br><br>Before the Honorable Susan Illston<br>United States District Judge |

TO:    MELINDA HAAG, UNITED STATES ATTORNEY and BENJAMIN TOLKOFF, BRIGID MARTIN, and MARC WOLF, ASSISTANT UNITED STATES ATTORNEYS

PLEASE TAKE NOTICE that, subject to the Court's approval, on April 21, 2015 at 3:00 p.m., or as soon thereafter as he may be heard, defendant Elijah Cooper, by and through his counsel, will and does hereby move this Court for an Order dismissing this case based on the Government's intentional refusal to produce exculpatory evidence, as ordered by this Court and as required by the Fifth Amendment to the United States Constitution.

////

////

**MOTION**

Defendant Elijah Cooper, by and through his counsel, pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution, the Federal Rules of Criminal Procedure, this Court's supervisory powers, and all other applicable statutes, case law and local rules, hereby moves this Court for an order dismissing the second superseding indictment.

This motion is based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, the Declaration of Ethan A. Balogh filed April 10, 2015, and any and all other materials that may come to this Court's attention at the time of the hearing on this motion.

Respectfully submitted,

DATED: April 10, 2015                COLEMAN, BALOGH  & SCOTT LLP


                                     */s/ E A Balogh*
                                     By: ETHAN A. BALOGH
                                     235 Montgomery Street, Suite 1070
                                     San Francisco, CA 94104
                                     Direct: (415) 391-0441

                                     Attorneys for Defendant
                                     ELIJAH COOPER

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Defendant Elijah Cooper respectfully submits the following memorandum of law in support of his motion to dismiss this case due to a flagrant violation of both this Court's discovery Order and *Brady v. Maryland*, 373 U.S. 83 (1963). Pursuant to *United States v. Chapman*, 524 F.3d 1073 (9th Cir. 2008), dismissal with prejudice is the appropriate remedy for the flagrant *Brady* violation. At a minimum, the Court should require immediate production of *Brady* materials, and should sanction the Government's refusal to abide the Court's February 27, 2015 Order requiring the production of all exculpatory materials by April 7, 2015. Absent dismissal, sanctions should include, at a minimum, instructing the petit jury that the Government committed discovery misconduct by withholding exculpatory evidence from Mr. Cooper.

The violations at hand stem from the Government's refusal to provide evidence regarding a series of undercover controlled purchases from Anthony Knight in which Mr. Cooper was not involved. Because the Government asserts that Mr. Cooper served as Knight's cocaine supplier, including on February 5, 2013, evidence showing that Knight engaged in additional sales of cocaine to the Government's agents between June 2012 and January 2013—*viz.*, during this same investigation—without Mr. Cooper makes it more likely that he did *not* serve as Knight's supplier on February 5, 2013, as charged by the grand jury. Nevertheless, the Government has refused to provide this evidence, despite Mr. Cooper's direct requests and despite this Court's Order compelling its production. As recited by the Government, this evidence is irrelevant and it has intentionally withheld it.

The proper manner for the Government to challenge the admissibility of this evidence on relevance grounds is to produce it, as requested and compelled by this Court's Order, and then to move this Court for an Order seeking its exclusion. Instead, the Government—which plainly never intended to produce this information in the first place—seeks to "win" the exclusion of this evidence by withholding it from Mr. Cooper. This conduct constitutes a flagrant violation of this Court's discovery Order and *Brady*.

////

1

1    What additional exculpatory materials the Government continues to withhold are a

2   mystery and cause for genuine concern.

3                                    **II.  Background**

4       The Government's recalcitrance to provide information regarding this investigation is so

5   well established, Mr. Cooper need only cite to this Court's Orders recounting portions of it.  ECF

6   Nos. 87, 117.  Although this Court ordered the Government to provide any and all exculpatory to

7   Mr. Cooper on or before April 7, when Mr. Cooper identified specific exculpatory information

8   covered by that Order and otherwise discoverable "[u]pon a defendant's request," *see* Fed. R.

9   Crim. P. 16, the Government refused to provide it.

10      The material at issue involves a witness referred to "CW 2" or "CS".  In brief, the

11  Government began investigating Anthony Knight in the summer of 2012.  According to its first

12  pen register application, filed June 20, 2012, on an unknown date in 2012—although not

13  authorized by the Court, the Government redacted the specific date from the discovery it

14  produced—CW2 made monitored calls to Knight and arranged for and successfully purchased

15  crack cocaine from Knight in a video-recorded transaction.  *See* ECF Nos. 106-107 (Sealed

16  Declaration of Ethan A. Balogh Filed January 16, 2015), Ex. T.

17      The Government later revealed that:

18          CW-2 made two controlled purchases of crack cocaine from Knight prior to
            CW-1 becoming involved in the investigation.  However, some issues
19          impacting CW-2's credibility arose during the course of the investigation and
            CW-2's cooperation was terminated.  CW-1 was then brought into the
20          investigation to take CW-2's place.

21  *See* ECF No. 44 (Sealed Balogh Declaration Filed June 6, 2014), Ex. H, ¶ 114.

22  Thereafter, CW-1 then made *at least* three controlled and recorded purchases of crack

23  cocaine from Knight, on October 18, 2012, January 8, 2013, and February 5, 2013.  *See*

24  *id*., Ex. H, ¶¶ 22-74.[1]

25  _____

26      [1]The Court should direct the Government to disclose *all* evidence regarding cocaine sales
    by Knight it obtained during this investigation.  If there exists evidence of additional transactions
27  not disclosed by the Government as of this date, that fact would provide additional support for
28                                                                          (continued...)

1    As the Court is aware in this case, the Government alleges that Mr. "Cooper acted

2  as Knight's source of supply[,]" *id.*, Ex. M, ¶ 22, for the February 5, 2013 controlled buy.

3  The Government even related Knight's subsequently filed case to this one based on that

4  allegation.  *See* ECF Nos. 18 ("It is alleged that Mr. Cooper supplied the cocaine base that

5  Mr. Knight sold to a government cooperator on February 5, 2013") & 19 (Order relating

6  cases).

7    Plainly, Mr. Cooper's lack of involvement in Knight's serial (and recorded) sales

8  of cocaine tends to make Mr. Cooper's role as Knight's alleged supplier in the February 5

9  sale less likely.  *See* Fed. R. Evid. 401.  But the Government refuses to provide to Mr.

10  Cooper its evidence of the sales involving CW-2.

11    As the Government explains it:

> As stated in the affidavit, CW2 conducted controlled purchases from Anthony Knight in 2012, before the dates of the charged crimes in the Second Superseding Indictment.  To our knowledge, those controlled purchases did not involve your client. The  controlled purchases have not been charged in the Second Superseding Indictment and are not the basis for probable cause for any instrument that resulted in the seizure of evidence in the case against your client. Those transactions were mentioned in the wiretap affidavit only for the purpose of demonstrating necessity for the wiretap.  Specifically, they were mentioned because the failed relationship between the FBI and CW2 demonstrated the difficulty of using cooperating witnesses in this case.  Were this information divulged, I have concern that it would expose CW2 to possible retaliation and violence.

> Your stated basis for the disclosure is that you believe it is exculpatory.  In essence, I understand your argument to be as follows: Anthony Knight made several deals where Elijah Cooper was not the source of supply; therefore Elijah Cooper is less likely to have been the source of supply for the charged crimes.  I simply disagree with this line of reasoning.  It is clear from the evidence you have been given that Anthony Knight was supplied by different people at different times throughout the investigation.  I disagree that it is more or less likely to have been your client on some occasions simply because it was not your client on others.

Balogh Decl. Ex. A.

    The Government's reasoning is spurious.  For one, the evidence is clearly exculpatory for

the reasons stated.  The notion that the Government can deny this truth only serves to prove it

---

[1](...continued)

28  this motion.

3

1 cannot recognize exculpatory evidence at all. While the Government is free to argue Knight had

2 more than one source of supply, what it cannot do is withhold the evidence of Knight's other

3 conduct to avoid its introduction at trial.

4      As for the second claim—exposure of CW-2—the Government still has not disclosed

5 CW-1's identity to Mr. Cooper, even though she is "a percipient witness" in this case. *See id.*

6 Rather, disclosure of the hidden reports, audio and video would only conform to the same

7 disclosures of CW-1's identity: none at this time. And, of course, to meet its obligations to

8 produce exculpatory evidence, the Government could have disclosed the information about CW-

9 2 pursuant to an Attorneys' Only Protective Order.

10 ### III. Argument

11      In *Chapman*, the Ninth Circuit affirmed the dismissal of an indictment with prejudice

12 based on the Government's flagrant *Brady* violations. The Ninth Circuit first explained:

13           An indictment may be dismissed with prejudice under either of two
theories. First, a district court may dismiss an indictment on the ground of
14           outrageous government conduct if the conduct amounts to a due process
violation. Second, if the conduct does not rise to the level of a due process
15           violation, the court may nonetheless dismiss under its supervisory powers.

16 *Chapman*, 524 F.3d at 1084 (citations and footnote omitted). With respect to the second theory,

17 the Court held a:

18           district court may exercise its supervisory power to implement a remedy
for the violation of a recognized statutory or constitutional right; to
19           preserve judicial integrity by ensuring that a conviction rests on
appropriate considerations validly before a jury; and to deter future illegal
20           conduct.

21 *Id.* at 1085 (citation and internal quotation marks omitted). Furthermore, as to the supervisory

22 power theory, dismissal is only appropriate if the Governmental misconduct is "flagrant." *Id.* at

23 1085.

24      In *Chapman*, the Ninth Circuit affirmed the district court's dismissal of the indictment

25 under its supervisory powers.[2] In doing so, the Ninth Circuit rejected the Government's

26

27       [2]In addition to relying upon its supervisory powers, the district court in *Chapman* also

28                                (continued...)

1  argument that the *Brady* violations were not "flagrant."  The Government argued that the

2  flagrancy standard requires intentional misconduct, but the Ninth Circuit disagreed, holding that

3  "[w]e have never suggested . . . that 'flagrant misbehavior' does not embrace reckless disregard

4  for the prosecution's constitutional obligations."  *Id.* at 1085.  The Ninth Circuit agreed with the

5  district court that the Government's failure to comply with *Brady* was reckless and therefore

6  "flagrant," and "note[d] as particularly relevant the fact that the [G]overnment received several

7  indications, both before and during trial, that there were problems with its discovery production

8  and yet it did nothing to ensure that it had provided full disclosure until the trial court insisted it

9  produce verification of such after numerous complaints from the defense."  *Id.* at 1085.

10        In this case, the Government has refused to produce completely evidence regarding

11  Anthony Knight's known sales of cocaine during this same investigation in which Mr. Cooper

12  was not his supplier.  This evidence is exculpatory, as it tends to show that Mr. Cooper was *not*

13  Knight's supplier.  Put another way, had the evidence shown Mr. Cooper was involved in those

14  other sales, the Government certainly would have argued the evidence was inculpatory and

15  tended to show that Mr. Cooper supplied Knight on February 5, as alleged in each of the three

16  indictments.  The absence of that evidence is thus necessarily exculpatory, because it tends to

17  show that Mr. Cooper did not supply Knight on February 5.

18        Even though the Government was ordered to produce all exculpatory evidence by April 7,

19  2015, *see* ECF No. 115, the Government refused to provide it, claiming these materials "are not

20  relevant."  A more intentional disregard for the Government's responsibility to provide

21  exculpatory evidence is hard to imagine.  That it would proceed in this way on the heels of a

22  direct Order to produce *all exculpatory* evidence—not just *Brady* evidence—by April 7, only

23  heightens the need for correction in this case.

24

25        [2](...continued)

26  reasoned that the Government's conduct "subverted the due process rights that the defendants are
    guaranteed by the Constitution."  *Chapman*, 524 F.3d at 1084 n.5.  Because the Ninth Circuit

27  affirmed the district court under a supervisory power theory, it held that it did not have to reach
    the due process question.  Here, Mr. Cooper contends that dismissal of this case is also required

28  under a due process theory.

1    Indeed, the Government has repeatedly been put on notice of Mr. Cooper's demand for

2  discovery compliance, *see* ECF Nos. 32,71, & 93, and in July 2014, the Government represented

3  to the Court that it had honored Mr. Cooper's discovery rights and withheld nothing from him.

4  *See* ECF No. 93 at 34.  Putting aside that the Government's April 7, 2015 letter—under the guise

5  of producing Rule 16-1 summaries, exculpatory evidence, and Rule 404(b) evidence as directed

6  by the Court—contained reams of inculpatory evidence about Henry Tobias that have nothing to

7  do with the Court's Order, *see* Balogh Decl. Ex. A, the Government's treatment of its obligations

8  to provide exculpatory evidence presents serious concerns.  In short, the Government has ignored

9  the obligations imposed by *Brady*, and ignored this Court's directive to produce all exculpatory

10  evidence by April 7, evincing a disregard for these necessary predicates to any fair trial.  As in

11  *Chapman*, the discovery violations in this case, which involve important exculpatory evidence,

12  are flagrant.  Like *Chapman*, dismissal with prejudice will deter such future misconduct, will

13  preserve judicial integrity, and will provide the effective remedy for the constitutional violations

14  in this case.  At a minimum, the Court should sanction the Government's conduct, including by

15  informing the jury of the Government's discovery abuse.

### IV.  Conclusion

17    For the reasons set forth above, Mr. Cooper respectfully moves the Court to dismiss the

18  second superseding indictment.


20                                              Respectfully submitted,

21  DATED: April 10, 2015                       COLEMAN, BALOGH  & SCOTT LLP


23                                              */s/ E A Balogh*
                                                By: ETHAN A. BALOGH
24                                              235 Montgomery Street, Suite 1070
                                                San Francisco, CA 94104
25                                              Direct: (415) 391-0441

26                                              Attorneys for Defendant
                                                ELIJAH COOPER

28

                                              6

1

**PROOF OF SERVICE**

2          I, Ethan A. Balogh, certify that on April 10, 2015, I served all parties in this matter by

3    causing the preceding pleading to be filed electronically, as set forth by Local Rule 5-1.

4

5    Dated: April 10, 2015                              */s/ E A Balogh*
                                                        ETHAN A. BALOGH

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1